IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

KESHIA LANIER,
    Petitioner,

v.                        CIVIL ACTION No. 3:16cv285-KKD
                             (WO)

UNITED STATES OF AMERICA,
    Respondent.

## ORDER

This action is before the Court on the Report and Recommendation of the Magistrate Judge. (Doc. 45). After due and proper consideration of all portions of this file deemed relevant to the issues raised, and a *de novo* determination of those portions of the Report and Recommendation to which objection is made, the Report and Recommendation dated July 6, 2018 is **ADOPTED** as the opinion of this Court. Accordingly, it is **ORDERED** that Petitioner Keshia Lanier's 28 U.S.C. § 2255 motion is **DENIED,** and that this case is **DISMISSED** with prejudice.

Additionally, Rule 11(a) of the Rules Governing § 2255 Proceedings states that the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in a Section 2255 proceeding. Where the claims have been rejected on the merits, such as here, "to obtain a COA, a movant must make 'a substantial showing of the denial of a constitutional right.' 28 U.S.C. § 2253(c)(2). To make this substantial showing, the movant must demonstrate that 'reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong,' or that the issues 'deserve encouragement to proceed further.'" Vernon v. United States, 2017 WL 6939207, *3 (11th Cir. Jun. 1, 2017) (unreported opinion), cert. den., 138 S. Ct. 2638 (2018) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotation omitted)).

In her Section 2255 petition (as amended), Petitioner asserts five (5) claims: 1) ineffective assistance of counsel on appeal because her lawyers failed to file a petition for writ of certiorari with the Supreme Court after she asked them to do so); 2) ineffective assistance of counsel because her lawyers failed to advise her of her right to file a petition for writ of certiorari with the Supreme Court; 3) ineffective assistance of counsel at sentencing because her lawyers failed to request a restitution hearing; 4) her guilty plea was entered into involuntarily and without an understanding of the nature of the charges and consequences of her plea; and 5) ineffective assistance of counsel by her lawyers because they failed to offer into evidence, or provide to the U.S. Probation Officer, her records from the mental health facilities that she checked into after pleading guilty. (Doc. 1 at 4-5; Doc. 23; Doc. 45 at 2). Upon consideration, the Court is not persuaded that the claims raised by Petitioner meet the threshold. As such, the Petitioner is not entitled to a Certificate of Appealability (COA).

Moreover, "a[]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). Good faith is shown by "seeking appellate review of any issue that is not frivolous when examined under an objective standard." Ghee v. Retailers National Bank, 271 Fed. Appx. 858, 859-860 (11th Cir. 2008) (per curiam) (unpublished) (citing Coppedge v. United States, 369 U.S. 438, 445 (1962)). An action is frivolous, and consequently not brought in good faith, if it is "without arguable merit either in law or fact." Id. (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)). "[A]rguable means capable of being convincingly argued." Id. at 860 (quoting Sun v. Forrester, 939 F.2d 924, 925 (11th Cir. 1991) (internal quotations and citations omitted)). Also, if a "claim is arguable, but ultimately will be unsuccessful, it should be allowed to proceed." Id (citation omitted). Upon consideration of the issues addressed herein, the Court finds that any appeal by Petitioner of the

denial and dismissal of her Section 2255 motion would be without merit and as a result, not taken in good faith. Accordingly, the Petitioner is not entitled to proceed *in forma pauperis* on appeal.

**DONE** and **ORDERED** this the **21st** day of **August 2018.**

/s/ Kristi K. DuBose
**KRISTI K. DUBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**